ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § 3:11CR-326-B |
| | § |
| THOMAS ROUSSIN | § |

## PLEA AGREEMENT

Thomas Roussin, (defendant) Calvin Johnson, (defendant's attorney), and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Roussin understands that he has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Roussin waives these rights and pleads guilty to the offenses alleged in Count One of the Information, charging violations of 18 U.S.C. § 2252(a)(1) that is, transporting and shipping child pornography. Roussin understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence**: The maximum penalties the Court can impose for Count One of the Information include:

    a. imprisonment for a period not less than five years and not to exceed 20 years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release, of any term of years or life, but not less than five years, which will follow any term of imprisonment. If Roussin violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law;

    f. costs of incarceration and supervision; and

    g. forfeiture of property as alleged in the information.

4. **Sentencing guidelines**: Roussin understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Roussin has reviewed the guidelines with his attorneys, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Roussin will not be allowed to withdraw his plea if his sentence is higher than expected. Roussin fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.      **Mandatory special assessment**: Prior to sentencing, Roussin agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.      **Defendant's cooperation**: Upon demand, Roussin shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Roussin expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Roussin fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Roussin understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7.      **Forfeiture**: Roussin agrees that the following property is subject to forfeiture in accordance with 18 U.S.C.§ 2253: One Compaq Presario 6000, serial number (s/n) MX24210146 containing one 40 GB Seagate hard drive s/n 5FBAHTAN; One Compaq Presario, s/n CNH7520859 containing one 360 GB Seagate hard drive, s/n 9QF8D1WX; One Compaq Evo N800V, s/n 5Y32KSQZC15M containing one Hitachi Travelstar, s/n 25447013V0B1X8; One 2GB Lexar USB flash drive, s/n

302AC70915040501; and One 4GB Kingston USB flash drive, s/n 4222838E6BA60.

seized from his residence. The defendant agrees to the forfeiture of the property civilly, either in an administrative or judicial proceeding, in accordance with 18 U.S.C. § 2253. The defendant agrees he will not file a claim to the property in the civil administrative or civil judicial forfeiture proceeding, and if he has filed a claim to the property in such a proceeding, he will execute the necessary documents to withdraw said claim and any other documents as requested by the government to effect the forfeiture of the property and the transfer of his interest in it to the government. The defendant waives any time limits regarding the filing of a civil administrative or civil judicial forfeiture proceeding as provided in 18 U.S.C. § 983 or any other applicable statute of limitations. The defendant agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

8. **Government's agreement**: The government will not bring any additional charges against Roussin based upon the conduct underlying and related to Roussin's plea of guilty. Roussin understands this agreement applies only to the conduct related to transportation, receipt and possession of child pornography. This agreement does not bar any prosecution for production of child pornography, if later discovered. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any

**Plea Agreement - Page 4**

other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Roussin or any property.

9. **Violation of agreement**: Roussin understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Roussin for all offenses of which it has knowledge. In such event, Roussin waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Roussin also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Roussin waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Roussin, however, reserves the rights to bring (a) a direct appeal of (I) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel.

Plea Agreement - Page 5

12. **Representation of counsel**: Roussin has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Roussin has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyers, Roussin has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 10 day of November, 2011.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
THOMAS ROUSSIN
Defendant

_____
CAMILLE E. SPARKS
Assistant United States Attorney
Texas State Bar No. 00790878
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.659.8805
camille.sparks@usdoj.gov

_____
CALVIN JOHNSON
Attorney for Defendant
Texas State Bar No. 24032596

_____
LINDA GROVES
Deputy Criminal Chief

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____      11-10-11
THOMAS ROUSSIN                     Date

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____      11-10-11
THOMAS ROUSSIN                     Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____      11-10-11
CALVIN JOHNSON                    Date
Attorney for Defendant